**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEVIN BARTHOLOMEW, | No. 13-16645 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-03145-EFB |
| v. | |
| ALVARO C. TRAQUINA, M.D.; W. THOMPSON, LVN, as CTC Specialty Clinic Nurse, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Edmund F. Brennan, Magistrate Judge, Presiding[**]

Submitted March 10, 2015[***]

Before:    FARRIS, WARDLAW, and PAEZ, Circuit Judges.

California state prisoner Kevin Bartholomew appeals pro se from the district

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment because Bartholomew failed to raise a genuine dispute of material fact as to whether defendants acted with deliberate indifference to Bartholomew's skin condition or shoulder pain. *See id.* at 1057-60 (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to a prisoner's health; negligence or medical malpractice is insufficient to establish an Eighth Amendment violation); *see also McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992) ("A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established."), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).

We reject Bartholomew's contentions that the magistrate judge was biased and that defendants had not consented to the magistrate judge's jurisdiction.

**AFFIRMED.**